UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD ERIC KOVACH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-537-ACL |
| ANNE L. PRECYTHE, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon two motions filed by plaintiff Ronald Eric Kovach. (ECF Nos. 13 and 15). For the reasons explained below, the Court will deny both motions.

Plaintiff titled the first motion "Motion to proceed in FORMA PAUPERIS." (ECF No. 13 at 1) (emphasis in original). He acknowledges he paid the full filing fee for this civil action and is "not outright claiming to be indigent," but his regular income is modest and he cannot afford an attorney. The Court understands plaintiff's statements concerning his inability to afford an attorney. However, he has paid the full statutory filing fee for the commencement of this action, and the Court cannot now grant him leave to proceed *in forma pauperis*. The motion will therefore be denied.

Plaintiff titled the second motion "RECONSIDER MOTION FOR APPOINTMENT OF COUNSEL." (ECF No. 15 at 1) (emphasis in original). He begins by writing: "Pursuant to 28 u.s.c. § 1915(e)(i) plaintiff moves for an order appointing counsel to represent him in the civil case." *Id.* In paragraphs numbered 1 through 28, plaintiff clearly explains the reasons he believes he cannot represent himself in this action. For example, plaintiff writes:

1. Plaintiff's declining acumen due to age of 76 years.

2.  Due to plaintiff's advanced age he lacks agility in physical motion along with emotional stability. Especially plaintiff is no longer sufficiently astute enough mentally to engage in courtroom adversarial legal arguments and defendants and witnesses other than truthful testimony.

. . .

7.  Plaintiff has tried unsuccessfully to secure an attorney without help beginning in 2012 through 2016 then again in 2018 and 2019.

. . .

9.  Plaintiff suffers from chronic lower back pain. X-rays reveal degenerative disc disease in L3, L4, L5 vertebrae. This medical condition is documented by the prison medical provider Corizon. I am able to stand stationary for only a few minutes. Sitting is of little help.

10.  Hearing impaired – moderately to severe high frequency hearing loss in both left and right ear . . .

. . .

14. Plaintiff is totally unfamiliar with court protoc[o]l and decorum.

15. Plaintiff has zero formal educ[a]tion or experience in civil law and litigation.

16. I, the plaintiff, would be taking on the State of Missouri and MO D.O.C. with their vast experience in litigation with unlimited power and resources. Defendants in th[]is case will have teams of attorneys backed by paralegals performing their vital support functions to which plaintiff does not have access.

. . .

18. Plaintiff believes the complexity of the offences, actual crimes, cover-ups, emotional, mental and financial ELDER ABUSES will require [a] signific[a]nt amount of legal knowledge, legal research, and superior litigation abilities. More than the plaintiff is qualified to attain or capable of preforming.

19. Plaintiff foresees a need for obtaining depositions and affidavits plus legally and correctly questioning defendants, questioning hostile witnesses and their denials of the truth. These needs and events would be more expeditious and preferably accomplished legally by a licen[s]ed attorney.

. . .

> 21. Federal laws, state laws, and MO D.O.C. policies have been violated such as but not limited to: physical assault, intentionally misleading (lying to) a Cole County detective in the course of conducting an official investigation, tampering with and withholding, then the destruction of incoming US Mail addressed to plaintiff, Retaliation, unreasonable restrictions and harassment.
>
> 22. Plaintiff's contention of medical neglect and malpractice crimes will require enlisting expert medical witness testimony for verification of medical issues.
>
> . . .
>
> WHEREFORE, in consideration of the above twenty-eight circumstances plaintiff requests that the court appoint an attorney, of the courts selection, as counsel to represent plaintiff in this arduous and intricate case of flagrant ELDER ABUSE.

*Id.* at pages 1-4 (emphases in original). Attached to the motion are copies of 2015 and 2016 correspondence documenting plaintiff's unsuccessful attempts to secure legal representation for other civil cases.

For the purposes of considering plaintiff's motion, the Court will presume he is unable to afford counsel. While federal law provides that this Court may appoint counsel to represent a person unable to afford counsel, it does not require the Court to do so. *See* 28 U.S.C. § 1915(e)(1). As this Court has previously explained to plaintiff, a *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).

A district court may appoint counsel for an indigent plaintiff if it is convinced that the litigant "has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent plaintiff, a court considers relevant factors such as the factual complexity of

3

the issues, the plaintiff's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.*

As this Court previously determined, it cannot be said at this time that plaintiff has stated a non-frivolous claim. Plaintiff has not yet filed an amended complaint in accordance with this Court's prior orders, nor has he sought additional time to do so. This Court will not appoint counsel to assist him in investigating and bringing a case. The rules of pleading are simple, and plaintiff has been given clear instructions about how to prepare the amended complaint. Moreover, he has submitted clear, well-organized, and readily understood motions to this Court. There is no basis to conclude that plaintiff is incapable of representing himself at this stage of this action. The Court will therefore not appoint counsel for plaintiff at this time.

**The Court reminds plaintiff that the undersigned's last Order** (Doc. 12) **instructed that he must file an amended complaint no later than September 27, 2021**. The Court will direct the Clerk to send plaintiff an additional copy of the Court's August 13, 2021 and August 30, 2021 orders, and an additional copy of the Court's form complaint. **The Court will also give plaintiff one last opportunity to file an amended complaint no later than October 20, 2021.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's August 13, 2021 order (ECF No. 10), a copy of the Court's August 30, 2021 order (ECF No. 12), and a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**Plaintiff is further instructed that his failure to file an amended complaint by October 20, 2021, may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 29th day of September, 2021.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE