UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD ERIC KOVACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-537-ACL |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Ronald Eric Kovach, a prisoner. For the reasons explained below, the Court will dismiss this action in its entirety pursuant to 28 U.S.C. § 1915A(b)(1).

### Background

The background of this case is fully set forth in the prior orders of this Court, but the Court reiterates the essential facts here. Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against Anne L. Precythe, the Director of the Missouri Department of Corrections ("MDOC"), in her official capacity. He indicated an intent to assert numerous claims against numerous MDOC employees based upon unrelated conduct that occurred over a period of several years. He sought monetary relief.

Upon initial review, the Court determined that plaintiff's official-capacity claims were subject to dismissal, and explained the basis of that determination. The Court further determined that plaintiff failed to allege sufficient facts to state any plausible claim for relief. The Court concluded that the action was subject to dismissal, but did not dismiss the action at that time and instead gave plaintiff the opportunity to file an amended complaint. In so doing, the Court

instructed plaintiff he was required to set forth a short and plain statement of his claims, clearly explained the rules governing joinder of claims and joinder of parties, and advised plaintiff that he must specify the capacity in which he sued each defendant. After being repeatedly granted additional time, plaintiff filed an amended complaint, which this Court reviews pursuant to 28 U.S.C. § 1915A.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, this Court shall dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must

assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the 60-page amended complaint pursuant to 42 U.S.C. § 1983 against "Director of Adult Institutions: Missouri Department of Corrections," Corizon, and more than seventy-four individuals. (ECF No. 19). Plaintiff identifies the individual defendants on a graph that contains an enumerated list of the names or identifying information of the individual defendants, their "Job or Title," their badge number, their employer, and the capacity in which they are sued. *Id.* at 4-5. Plaintiff identifies most of the individual defendants by name, and on occasion writes more than one name on the same line. Some individual defendants are identified with language such as "Numerous other nurses names Unknown-see records," "Five names unknown," and "Unsigned Unknown." *Id.*

Plaintiff identifies two of the individual defendants – C. Parker and Frank Taylor – as his current or former fellow prisoners. He identifies all of the remaining individual defendants, including the fictitious defendants, as either MDOC employees or Corizon employees,[1] and he states he sues them in their official capacities. Regarding Parker and Taylor, plaintiff wrote "N/A" in the space he designated to identify the capacity in which they are sued. *Id.* The Court will not list the names of the other individual defendants in this Memorandum and Order.

Plaintiff seeks monetary relief from the various defendants based upon a wide variety of alleged misconduct that began in 2007 and occurred at five different MDOC institutions. Following are brief descriptions of just some of the many claims plaintiff presents in the amended complaint: Plaintiff was denied required medications and medical treatment in 2007; denied medically-necessary footwear in 2009; assaulted, harassed, and/or threatened by different guards in 2008 and 2010; deprived of various pieces of mail in 2010 and 2011; wrongfully placed in administrative segregation in 2014; deprived of follow-up medical care in 2017; deprived of books, CDs and other materials in 2019; and subjected to cell search, charged with alcohol possession, deprived of personal property and placed on suicide watch in 2020. As relief, plaintiff seeks $3,000 in actual damages, plus an unspecified amount in punitive damages.

**Discussion**

The Court first addresses plaintiff's claims against Parker and Taylor, persons plaintiff identifies as his current or former fellow prisoners. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was deprived of a federally-protected right by a person acting under color of state law. A party may be considered a state actor if he is a state official, or if his conduct is chargeable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

---

[1] For example, plaintiff identifies "Five names unknown" as "Guards-one a sgt" employed by the MDOC. *Id.* at 4.

4

Here, plaintiff has alleged nothing permitting the inference that Parker or Taylor acted under color of state law. *See Martin*, 623 F.2d at 1286 (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Therefore, the Court concludes that the amended complaint fails to state a claim upon which relief may be granted against them.

The Court now turns to plaintiff's claims against "Director of Adult Institutions: Missouri Department of Corrections" and the numerous individual defendants who are identified as MDOC employees, all of whom are sued for damages in their official capacities. As this Court previously explained to plaintiff, such claims are barred. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The MDOC is a state agency, *see Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000), and the Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, the amended complaint is frivolous and/or fails to state a claim upon which relief may be granted against "Director of Adult Institutions: Missouri Department of Corrections" and all of the individual defendants who are identified as MDOC employees, all of whom are sued in their official capacities.

The Court now turns to plaintiff's claims against the remaining defendants: Corizon, and several Corizon employees sued in their official capacities. A corporation acting under color of state law, like Corizon, "will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). In this case, however, the amended complaint contains no allegations that there was a Corizon policy, custom or official action that caused an actionable injury. Similarly, to state a claim against a Corizon employee in his or her official capacity, plaintiff must allege that a Corizon policy or custom is responsible for the alleged constitutional violation. *See Monell,* 436 U.S. at 690-91. Again, the amended complaint fails to allege that a policy or custom of Corizon caused an actionable injury. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not assume facts plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. The Court therefore concludes that the amended complaint fails to state a claim upon which relief may be granted against Corizon and the individual defendants identified as Corizon employees sued in their official capacities.

For all of the foregoing reasons, the Court concludes that plaintiff's claims against all of the defendants should be dismissed because they are frivolous and/or fail to state a claim upon which relief may be granted. This is not a situation in which plaintiff should be allowed to file a second amended complaint, as plaintiff did not follow the Court's instructions when he was previously allowed the chance to amend. As noted above, the Court previously instructed plaintiff that he was required to set forth a short and plain statement of his claim showing entitlement to relief, explained why his official capacity claims were subject to dismissal, and cautioned him to avoid asserting numerous unrelated claims against more than one defendant. In

response, plaintiff filed an unnecessarily long and rambling amended complaint against more than seventy-five defendants in their official capacities, and asserted claims based upon unrelated events that occurred at several different institutions over a period of at least 13 years. The Court will dismiss this action at this time, without prejudice and without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. 1915A(b)(1). A separate order of dismissal will be entered herewith.

Dated this 17th day of February, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE